PROSTITUTE'S STATEMENT: In the first point of error, appellant complains that the trial court erred by allowing Opal Simon to testify as to what the prostitute said when she approached the group. Appellant argues the statement was offered to prove that there was a man at the motel who had $1100 and was thus inadmissible. We disagree. The only assertion here is that the victim had $1100. Whether the victim in fact had $1100 is irrelevant. It is relevant to show the response it evoked from appellant, who apparently believed it to be true. It was not necessary that a trier of fact believe the truth or accuracy of the statement; the mere fact that it was said was relevant to show appellant had a motive to kill. Because the statement was not offered for its truth, it is not hearsay. TEX.R.CRIM.EVID. 801(d). Accordingly, we overrule the first point of error.

**Robert Larry CROSS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–93–00936–CR.**

Court of Appeals of Texas,
Houston (1st. Dist.).

May 5, 1994.

Discretionary Review Refused
Aug. 17, 1994.

---

Randy Martin, Houston, for appellant.

John B. Holmes, Jr., Rikkie Burke Graber, Kristin Pain, Julia Watson, Harris County, for appellee.

Before DUGGAN, COHEN and WILSON, JJ.

## OPINION

COHEN, Justice.

A jury found appellant guilty of driving while intoxicated. We affirm.

On May 22, 1992, Officer Gens saw appellant run a red light and stopped him. Gens concluded appellant was intoxicated, and arrested him. Before having the car towed, Gens inventoried its contents and found an open, cold, half-full can of beer on the driver's seat.

Gens testified at trial that he filled out an HQ–109 form when he inventoried the contents of appellant's car. Appellant then requested production of the form, and the judge ordered Gens to produce the form, but Gens was unable to do so. He testified the HQ–109 forms were kept for one year, then destroyed. Appellant's trial took place more than a year after his arrest. Gens further testified: the HQ–109 was not part of his offense report, but was "submitted" with his report; he fills out such forms when a car is towed; he filled out the form, specifying the items found in appellant's car, but the form was signed only by the wrecker driver when he released appellant's car to be towed; that the purpose of the HQ–109 is to record an arrestee's property and valuables to assure their return when the car is released from the storage lot; and, although he remembered finding the open can of beer in appellant's car, he could not recall the car's other contents. Appellant testified and denied that the beer can was in his car.

Because he was unable to examine the HQ–109, appellant invoked the sanction provision of TEX.R.CRIM.EVID. 614(e) and moved to strike Gens' testimony in its entirety. The judge denied this request.

Appellant asserts the judge erred in not striking Gens' testimony, pursuant to rule 614, which provides:

(a) Motion for production. After a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, shall order the attorney for the state or the defendant and his attorney, as the case may be, to produce, for the examination and use of the moving party, any statement of the witness *that is in their possession* and that relates to the subject matter concerning which the witness has testified.

. . . .

(e) Sanction for failure to produce statement. If the other party *elects* not to comply with an order to deliver a statement to the moving party, the court shall order that the testimony of the witness be stricken from the record and that the trial proceed, or, if it is the attorney for the

state who elects not to comply, shall declare a mistrial if required by the interest of justice.

(f) Definition. As used in this rule, a "statement" of a witness means:

(1) a written statement made by the witness that is signed or otherwise adopted or approved by him....

(Emphasis added.)

■ The State contends that Gens' report was not a "statement" as defined by rule 614(f)(1). We disagree under the facts of this case. Officer Gens testified unequivocally that he made a written statement on form HQ–109 detailing the items found in appellant's vehicle; one of those items found was the beer can. Thus, his testimony indicated that he listed the beer can on the form HQ–109. Officer Gens did not sign the statement, but he adopted it and approved it. He testified that filling out the form is normal procedure; the form was submitted with his report and he filled it out to record the items found in appellant's vehicle. Officer Gens never stated that he disapproved of what he wrote on form HQ–109, or that the statements there were untrue. We hold that in this factual context, it was a statement under rule 614(f)(1). *Jenkins v. State*, No. 71,040, slip op. at 19, 1993 WL 138800 (Tex.Crim. App., May 5, 1993) (not yet reported) (holding that rule 614 is "extremely broad" and that reports personally prepared by witness are "statements").

■ We nevertheless hold that appellant is not entitled to relief. Rule 614 requires the production of "any statement of the witness that is in [the State's] possession...." This document was not in the State's possession. Uncontroverted evidence showed that such forms were routinely destroyed one year after they were made, and that this one was no longer possessed. The sanction provision of rule 614(e) applies only to a party who "elects not to comply with an order to deliver a statement...." The use of the term "elect" signifies that the party has the

ability to produce the statement but chooses not to do so. *See Jenkins*, slip op. at 21 (holding that the State had the burden, as the party contesting production, to show why the statement cannot be produced, and reversing because the State failed to show the witness did not have the report). The *Jenkins* opinion did not hold that reversal is automatically required, even when the State proves why the statement cannot be produced. Here, the State met the requirement of *Jenkins* by presenting evidence that it did not possess the report. Thus, the State did not "elect" not to comply with an order to deliver a statement.[1] Consequently, we hold the trial judge did not err by refusing to strike Gens' testimony, pursuant to rule 614(e).

Point of error one is overruled.

The judgment is affirmed.

---

1. In *Jenkins*, the Court held that harmful error is presumed when the trial judge excludes an *available* report from the appellate record, thus preventing appellate review. *Jenkins*, slip. op. at 23–24. Although abatement of the appeal and inclusion of the statement in the appellate record seems a better remedy to us, that holding in *Jenkins* is inapplicable on these facts. The trial judge here did not exclude an available statement from the appellate record.